# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Brittany Frances Minogue,<br><br>        Debtor. | C/A No. 21-01779-JW<br><br>Chapter 13 |

## ORDER GRANTING
## DISMISSAL OF CHAPTER 13 CASE WITH PREJUDICE

This matter comes before the Court for expedited hearing on the Motion to Dismiss Case ("Motion") that Debtor Brittany Frances Minogue ("Debtor" or "Ms. Minogue") filed pursuant to 11 U.S.C. § 1307(b) and objections thereto filed by the Chapter 13 Trustee and Johnny Ray Godwin and Rachel Godwin ("Creditors"). Prior to the filing of the Motion, the Chapter 13 Trustee filed a Motion to Convert Case to Chapter 7 pursuant to 11 U.S.C. § 1307(c) based upon allegations of undisclosed assets and inconsistent or incomplete representations in the Schedules and Statements filed by Debtor. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

By Order entered on September 22, 2021, the Court set a hearing on the Motion to Dismiss and noticed the possible expansion of relief and/or sanctions for any bad faith conduct if the case were dismissed. On September 23, 2021, the Court conducted a hearing on the confirmation of Debtor's Chapter 13 plan and objections thereto with Debtor in attendance, and during the confirmation hearing, Debtor's counsel reaffirmed that Debtor did not intend to continue to seek bankruptcy relief. The Court indicated an intention to deny confirmation of the Debtor's plan. Based upon the record, statements, and representations of the parties' counsel, the Court makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1.      On July 6, 2021, Ms. Minogue filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2.      Along with the petition, Ms. Minogue filed her Bankruptcy Schedules and Statement of Financial Affairs.  On Schedule A/B, Ms. Minogue claimed a fee simple interest in real property at 2001 S. Ocean Boulevard, Unit 1006, Myrtle Beach, S.C. ("Myrtle Beach Property").  She also disclosed that she held an interest in Brittany Frances Minogue, LLC, which was a real estate holding company for the Myrtle Beach Property.  Ms. Minogue placed ownership of the Myrtle Beach Property with her LLC because she initially intended to use the Property as rental property.

3.      According to the disclosures in her Schedules, Ms. Minogue began residing at the Myrtle Beach Property sometime in January 2021, and she also claimed a homestead exemption for the Property on Schedule C. According to Ms. Minogue's Statement of Financial Affairs, she resided at 1302 Timber Court, Murrells Inlet, SC 29576 from July 2019 to January 2021, and before that she resided 301 North Lake Point, Columbia, SC 29229 from August 2014 through July 2019.  Ms. Minogue also disclosed that she sold the property at 301 North Lake Point in July 2019 through a sale to an unrelated third party.

4.      In her Statement of Financial Affairs, Ms. Minogue indicated that her LLC existed from December 2014 through January 2021, which coincided with the date she began to reside at the Myrtle Beach Property.  In addition to the conclusion of the LLC, Ms. Minogue also disclosed a pending foreclosure action that the Creditors filed against her in state court in Horry County, South Carolina under Common Pleas No. 2020-CP-26-03672 ("Foreclosure Acton"), in which Ms. Minogue indicated that judgment had been awarded to the Creditors.

5.      After Debtor filed the petition, the Court issued a Notice of Chapter 13
Bankruptcy that scheduled a meeting of creditors under 11 U.S.C. § 341(a) on August 10, 2021,
at 10:30 a.m. ("341 Meeting").  The Notice listed the location of the 341 Meeting as King and
Queen Building, 145 King Street, Room 225, Charleston, SC 29401.

6.      During the 341 Meeting, which was conducted telephonically, counsel for the
Creditors asked Ms. Minogue some questions that raised further questions by the Chapter 13
Trustee.  Before the Chapter 13 Trustee had an opportunity to follow-up with Ms. Minogue, she
hung up.  At the conclusion of the 341 Meeting, the Chapter 13 Trustee advised Ms. Minogue's
counsel that the 341 Meeting would be continued to September 7, 2021.

7.      Additionally, the Chapter 13 Trustee filed a notice for the continued meeting on
August 10, 2021.

8.       Despite providing notice of the continued meeting to Ms. Minogue's bankruptcy
counsel and the filing and serving of a notice, Ms. Minogue failed to appear at the continued
meeting of creditors.  During the continued meeting, counsel for Ms. Minogue indicated that she
was unable to speak with Ms. Minogue and that she had received an email in which Ms.
Minogue indicated that she no longer wished to proceed with the bankruptcy case.

9.      Three days after the continued 341 Meeting, the Chapter 13 Trustee filed a
Motion to Convert Case to Chapter 7.

10.      In the Motion to Convert, the Chapter 13 Trustee questioned the truthfulness of
the disclosures that Ms. Minogue made regarding the conclusion of her LLC and her residency at
the Myrtle Beach Property.  According to the Chapter 13 Trustee, Ms. Minogue filed articles of
dissolution for her LLC post-petition with the South Carolina Secretary of State on July 22,
2021.

11.     Additionally, the Chapter 13 Trustee contends that on November 16, 2020, Debtor, as the sole member of the LLC, transferred the Myrtle Beach Property to Olando Steadman Hall and Angyleke S. Gibson through a land sale contract recorded in Horry County. Further, the Chapter 13 Trustee noted that Ms. Minogue's driver's license lists 301 N. Lake Pointe Drive as her address and that tax returns that Ms. Minogue submitted to the Trustee listed property at 742 Mink Avenue as Ms. Minogue's home address.

12.     The Chapter 13 Trustee also challenged Ms. Minogue's failure to disclose a corporation known as BFM Real Estate Services, LLC, which, according to the Trustee, received certain real property that Ms. Minogue owned in Moore County, North Carolina in 2018.   The Trustee also noted that the South Carolina Secretary of State's records reflected that an article of dissolution for BFM Real Estate Services, LLC was filed post-petition on July 22, 2021.

13.     Because of Ms. Minogue's failure to fully and accurately disclose her assets and her failure to attend the continued 341 Meeting, the Chapter 13 Trustee requested that Ms. Minogue's Chapter 13 case be converted to a Chapter 7 pursuant to 11 U.S.C. § 1307(c).

14.     After the Chapter 13 Trustee filed his Motion to Convert, Ms. Minogue filed a Motion to Dismiss her Chapter 13 pursuant to 11 U.S.C. § 1307(b).  In response, the Chapter 13 Trustee and the Creditors filed written objections to the Motion to Dismiss.

15.     In their objection to the Motion to Dismiss, the Creditors joined the Chapter 13 Trustee's argument and further highlighted Ms. Minogue's purported bad faith by her intentional evading of service of process in their foreclosure action.

16.     To fully address the arguments presented by the parties, the Court scheduled an expedited hearing on Ms. Minogue's Motion to Dismiss on September 28, 2010.  Within the order setting the hearing, the Court provided notice that it may consider dismissal with prejudice

dependent on proof of the allegations of improper conduct asserted by the Chapter 13 Trustee

and Creditors.

## CONCLUSIONS OF LAW

**I.      Dismissal and Conversion of a Chapter 13 under the Bankruptcy Code.**

11 U.S.C. § 1307(b) provides a Chapter 13 debtor with the ability to voluntarily dismiss

her Chapter 13 case if the case was not previously converted from another chapter of the

Bankruptcy Code as follows:

> (b) On request of the debtor at any time, if the case has not been converted
> under section 706, 1112, or 1208 of this title, the court shall dismiss a case under
> this chapter. Any waiver of the right to dismiss under this subsection is
> unenforceable.

11 U.S.C. § 1307(b).  Section 1307(c) authorizes the Court to convert a Chapter 13 case to a case

under Chapter 7 of the Bankruptcy Code if conversion is in the best interest of creditors and the

estate, for cause, as follows:

> **(c)**  Except as provided in subsection (f) of this section, on request of a party in
> interest or the United States trustee and after notice and a hearing, the court may
> convert a case under this chapter to a case under chapter 7 of this title, or may
> dismiss a case under this chapter, whichever is in the best interests of creditors
> and the estate, for cause, including—
> > **(1)** unreasonable delay by the debtor that is prejudicial to creditors….

11 U.S.C. § 1307(c).  In this case, the Chapter 13 Trustee and Creditors allege that Ms. Minogue

is not participating in her Chapter 13 case in good faith and is not willing to disclose the extent

of her assets fully and honestly at the 341 Meetings or in her bankruptcy Schedules and

Statement of Affairs.

As an alternative to conversion, the Chapter 13 Trustee also contends that even if Ms.

Minogue's Motion to Dismiss is granted, the Court has the authority to impose sanctions, such as

barring the discharge of claims involved in her Chapter 13 or dismissing Ms. Minogue's

bankruptcy case with prejudice under 11 U.S.C. § 349(a), which, in relevant part, provides as follows:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a).[1]

## II.     Split of Authorities Regarding a Debtor's Right to Dismiss a Chapter 13 Case in Response to a Motion to Convert.

The parties' dispute raises the legal issue of whether § 1307(b) provides a Chapter 13 debtor with an absolute and unqualified right to voluntarily dismiss his or her unconverted Chapter 13 case despite allegations of bad faith and/or a pending motion to convert filed pursuant to § 1307(c). This legal issue is subject to a split of authority among the U.S. Circuit Courts of Appeal and among various courts within the Fourth Circuit.

In the more recent authorities, various Circuit Courts and lower tribunals recognize that 11 U.S.C. § 1307(b) provides a Chapter 13 debtor with an absolute and unqualified right to dismiss a Chapter 13 case that has not been previously converted. *See In re Nichols*, 10 F.4th 956, 2021 WL 3891571, at *5 (9th Cir. 2021) ("Section 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever."); *In re Smith*, 999 F.3d 452, 455 (6th Cir. 2021) ("By its plain terms,…[section 1307(b)] is mandatory: upon the debtor's request, subject to one exception not applicable here (namely that the case was not converted to Chapter 13 from another chapter), the court 'shall dismiss' a Chapter 13 case."); *In re Barbieri*, 199 F.3d 616,

---

[1]     The reference to section 109(g) of the Bankruptcy Code preserves the Bankruptcy Code's prohibition of refiling a bankruptcy case within 180 days of a prior case dismissal if the prior case "was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case…." 11 U.S.C. § 109(g)(1).

619 (2d Cir. 1999) ("Section 1307(b) unambiguously requires that if a debtor 'at any time'
moves to dismiss a case that has not previously been converted, the court 'shall' dismiss the
action. The term 'shall,' as the Supreme Court has reminded us, generally is mandatory and
leaves no room for the exercise of discretion by the trial court.").

On the other hand, there is other authority, which holds that § 1307(b) provides a Chapter
13 debtor's right to dismiss his or her bankruptcy case may be conditioned upon the debtor's
"good faith." *See In re Jacobsen*, 609 F.3d 647, 661 (5th Cir. 2010) (holding that § 1307(b) is
subject to a good faith requirement when the debtor's motion to dismiss is made in response to a
motion to convert under § 1307(c)); *In re Molitor*, 76 F.3d 218, 221 (8th Cir. 1996) (affirming
district court's affirmation of bankruptcy court's judgment that denied debtor's motion to dismiss
under § 1307(b) and granted motion to convert under § 1307(c) because of debtor's bad faith
conduct).

Because the Fourth Circuit has not yet addressed this issue, the split of authority has also
arisen among the districts within the Fourth Circuit. *Compare In re Fisher*, No. 14-61076, 2015
WL 1263354, at *6 (Bankr. W.D. Va. Mar. 19, 2015) (holding that § 1307(b) provides a Chapter
13 debtor with an absolute and unqualified right to dismiss an unconverted Chapter 13 case
voluntarily); *In re Hamlin*, No. 09-05272-8-SWH, 2010 WL 749809 (Bankr. E.D.N.C. Mar. 1,
2010) (recognizing that Chapter 13 debtors had unqualified right to dismiss their Chapter 13 case
before confirmation of their Chapter 13 plan); *In re Campbell*, No. 07-457, 2007 WL 4553596, *
(N.D. W. Va. Dec. 18, 2007) ("Regarding this split of authority, this court concludes that a
debtor's right to voluntarily dismiss a Chapter 13 case under § 1307(b) is absolute and is not
conditioned by § 1307(c)."); *Clearstory & Co. v. Blevins*, 225 B.R. 591, 592 (D. Md. 1998)
("Section 1307(b) is unequivocal in stating that the debtor may request dismissal 'at any time'

and that when such a request is made, the court 'shall' dismiss the case."); *In re Looney*, 90 B.R. 217 (Bankr. W.D. Va. 1988) ("Under § 1307(b), upon motion of the debtor, the court has no choice and shall dismiss the case.") (quoting *In re McConnell*, 60, B.R. 310, 312 (Bankr. W.D. Va. 1986)); *with In re Criscuolo*, No. 09-14063-BFK, 2014 WL 1910078, at *3 (Bankr. E.D. Va. May 13, 2014) (concluding that a Chapter 13 debtor's right to dismiss under § 1307(b) is not absolute); *In re Mattick*, 496 B.R. 792, 799-800 (W.D.N.C. 2013) (recognizing prior precedent within the district qualifying a debtor's right to dismiss under § 1307(b) with an implicit good faith requirement); *In re Kotche*, 457 B.R. 434 (Bankr. D. Md. 2011) (holding that a Chapter 13 debtor does not have an absolute right to voluntarily dismiss an unconverted Chapter 13 case).

With respect to the District of South Carolina, there are few cases addressing the issue of a Chapter 13 debtor's motion to dismiss in response to a motion to convert the Chapter 13 to a Chapter 7 case. In *Davis,* the Court held that a Chapter 13 debtor has the right to dismissal of a Chapter 13 case under § 1307(b) absent a showing of bad faith, abuse of the bankruptcy system, or egregious conduct. *See In re Davis*, 352 B.R. 758, 764 (Bankr. D.S.C. 2006) (noting that indicia of bad faith were not present in the pending Chapter 13 case). Consistent with *Davis,* the Court in *Livingston*, held a hearing on whether there was sufficient evidence of bad faith precluding voluntary dismissal under § 1307(b) because the debtor filed the motion to dismiss after a creditor had filed a motion to convert. *In re Livingston*, No. 06-04387-JW, slip op. (Bankr. D.S.C. Jan. 3, 2007). After a hearing, the *Livingston* Court concluded that the creditor seeking conversion failed to present sufficient evidence proving the debtor's bad faith to affect dismissal but that § 109(g) provided dismissal with prejudice for 180-days because a junior mortgagee had secured relief from stay before the debtor moved for dismissal. *Id.; but see In re*

*Simpson*, 306 B.R. 793, 799 (Bankr. D.S.C. 2003) (previously recognizing that a debtor's voluntary dismissal under § 1307(b) was subject to a good faith requirement).

### III.    The Supreme Court's Decision in *Marrama v. Citizens Bank of Mass.*

The split among the authorities predominantly arises from tension between the plain language of 11 U.S.C. § 1307(b), and some Circuit Courts' and district courts' application of the the Supreme Court's ruling in *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007).[2]

In *Marrama*, the Supreme Court analyzed the language of 11 U.S.C. § 706(a) in the context of a Chapter 7 debtor seeking to convert his Chapter 7 bankruptcy to a reorganization under Chapter 13.  *Id.*   The record in that case established that the Chapter 7 debtor inaccurately disclosed the value of his home and misleadingly failed to disclose a prepetition transfer of the home with the intent to hide the asset from creditors.  *Id.* at 368.   Ultimately, the Supreme Court held that the Chapter 7 debtor forfeited his right to convert his Chapter 7 case and proceed with a Chapter 13 bankruptcy by engaging in bad faith conduct that made him ineligible to be a Chapter 13 debtor and would establish "cause" to dismiss or reconvert the Chapter 13 case back to a Chapter 7 case under 11 U.S.C. § 1307(c).   *Id.* at 373-74.   Therefore, the Court denied the right to voluntarily convert.

The majority's analysis in *Marrama* has been a primary authority referenced by lower courts to question a Chapter 13 debtor's automatic dismissal rights under § 1307(b).  *See, e.g., In re Jacobsen*, 609 F.3d at 660 ("Following the Supreme Court's decision in *Marrama,* we hold that a bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process and requested

---

[2]       The Court notes that its decision in *In re Holmes*, No. 07-05770-JW, slip op. (Bankr. D.S.C. Mar. 19, 2008), which was cited by the Trustee in his objection to Ms. Minogue's Motion to Dismiss, considered *Marrama* but allowed a Chapter 7 debtor's motion to convert her liquidation case to a reorganization under Chapter 13 pursuant to 11 U.S.C. § 706.  Because 11 U.S.C. § 706(a) is not at issue in Ms. Minogue's Chapter 13 case, *Holmes* is inapposite.

dismissal under § 1307(b) in response to the motion to convert."); *In re Rosson*, 545 F.3d 764, 773-74 (9th Cir. 2008) ("Therefore, in light of *Marrama*, we hold that the debtor's right of voluntary dismissal under § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct or "to prevent an abuse of process."), *overruled by In re Nichols*, 10 F.4th 956, 2021 WL 3891571, at *5.

As a 5-4 decision, the dissent in *Marrama* criticized the majority's view that conversion under 11 U.S.C. § 706 is conditioned upon a finding of "good faith." *Id.* at 376 (Alito, J. dissenting). Indeed, the dissent in *Marrama* believed that the express text of § 706(a) did not provide any authority to deny a Chapter 7 debtor's motion to convert his or her case to Chapter 13 reorganization based on a finding of "bad faith." *Id.* at 379. It is this textual analysis of the Bankruptcy Code that forms the foundation for other courts to hold that the express language of 11 U.S.C. § 1307(b) provides a Chapter 13 debtor with an absolute right to dismiss his or her unconverted Chapter 13 case and that there is no judicial discretion to grant or deny such a motion despite bad faith conduct by a Chapter 13 debtor. *See, e.g., Blevins*, 225 B.R. at 592.

## IV.    The Effect of the Supreme Court's Ruling in *Law v. Siegel*.

Recent and more convincing authorities have concluded that the U.S. Supreme Court's holding in *Law v. Siegel,* 571 U.S. 415, 421 (2014), in which all Supreme Court Justices unanimously recognized that in exercising its broad powers under 11 U.S.C. § 105(a), "a bankruptcy court may not contravene specific statutory provisions," have held that Chapter 13 debtors have an unqualified right to dismiss their Chapter 13 bankruptcy under section 1307(b) despite a pending motion to convert or allegations of bad faith. *See, e.g., See In re Nichols*, 10 F.4th 956, 2021 WL 3891571, at *5; *In re Duran*, No. 20-1045, 2021 WL 3186117 (B.A.P. 9th Cir. July 27, 2021); *In re Fisher*, No. 14-61076, 2015 WL 1263354, at *6; *In re Sinischo*, 561

Case 21-01779-jw   Doc 41   Filed 09/29/21   Entered 09/29/21 14:04:21   Desc Main
Document      Page 11 of 14

B.R. 176 (Bankr. D. Colo. 2016). Indeed, *Law v. Siegel* expressly clarified that *Marrama*, "did not endorse, even in dictum, the view that equitable considerations permit a bankruptcy court to contravene express provision of the [Bankruptcy] Code." 571 U.S. at 426. In applying *Law v. Siegel*, other courts have concluded that the express language of 11 U.S.C. § 1307(b), which provides that a court "shall" dismiss an unconverted Chapter 13 case, is mandatory and not subject to the good faith considerations that the Supreme Court applied to the conversion rights provided by 11 U.S.C. § 706(a) in *Marrama*.

Helpful to this analysis, in *Fisher*, the Western District of Virginia compared the language of 11 U.S.C. § 1307(b) to the language of 11 U.S.C. § 706 to highlight that the language of § 706(d) "serves as an eligibility limitation to conversion from Chapter 7 to Chapter 13" and that "no other statutory provision limits the right to dismiss under Section 1307(b)." *In re Fisher,* 2015 WL 1263354, at *5. Here, the textual difference between conversion rights under § 706(a), which is qualified under § 706(d), and dismissal under § 1307(b), which is not qualified or limited by any other provisions of the Bankruptcy Code, eliminates *Marrama's* utility when considering dismissal under § 1307(b).

Further, from a policy viewpoint, conversion under 11 U.S.C. § 706(a) and dismissal under § 1307(b) achieve significantly different goals for a debtor. Under § 706(a), the debtor is attempting to continue within the bankruptcy process by converting to the reorganization procedures provided by Chapter 13 of the Code, whereas by seeking dismissal under § 1307(b), the debtor is voluntarily foregoing the rights and remedies provided by a Chapter 13 bankruptcy altogether. This is an important distinction because recognition of a debtor's absolute right to dismiss under § 1307(b), "is entirely consistent with the text and policy of [11 U.S.C.] § 303(a),

Page **11** of **14**

which is designed to ensure that Chapter 13 remains a 'wholly voluntary alternative to Chapter 7.'" *In re Nichols,* 10 F.4th 956, 2021 WL 3891571, at *6.

Given the clear instruction of *Law v. Siegel* and its consideration of *Marrama,* this Court finds no reason to conclude that a Chapter 13 debtor may be precluded from voluntarily dismissing his or her Chapter 13 case in the face of a pending motion to convert or allegations of bad faith conduct. *See id.* at *6 (reversing bankruptcy court's denial of Chapter 13 debtor's motion to dismiss under § 1307(b) based solely on a finding of abuse of the bankruptcy process).

This conclusion, however, does not preclude the view that other portions of the Bankruptcy Code, such as 11 U.S.C. § 349(a)[3] or 11 U.S.C. § 109(g),[4] provide the Court with authority to issue remedial orders in addition to an order granting a debtor's motion to dismiss under § 1307(b) to address a debtor's bad faith conduct or abuse of the bankruptcy process. *See, e.g., id.* ("We are confident that the Bankruptcy Code provides ample alternative tools for bankruptcy courts to address debtor misconduct."); *In re Ross*, 858 F.3d 779, 785 (3d Cir. 2017) (concluding that the text of the Bankruptcy Code provided a bankruptcy court with general authority to issue a bankruptcy filing injunction against a debtor for debtor's bad faith in the prosecution of his Chapter 13 case along with granting debtor's motion to dismiss pursuant to § 1307(b)); *In re Duran*, No. 20-1045, 2021 WL 3186117 at *13 ("In the end, the debtor's 'right' to dismiss under § 1307(b) does not immunize the debtor from the consequences of an adverse § 349(a) determination); *In re Sinischo*, 561 B.R. at 194 (dismissing Chapter 13 case under § 1307(b) but also imposing dismissal with prejudice for 180 days given debtor's bad faith

---

[3]    11 U.S.C. § 349(a) authorizes courts to order dismissal of bankruptcy case with prejudice for cause.

[4]    11 U.S.C. § 109(g) prevents an individual from being a debtor under the bankruptcy code if that individual dismissed a prior bankruptcy case within 180-days of filing the next bankruptcy case and the prior case was dismissed after the court issued an order granting relief from stay or the dismissal was product of the debtor's failure to abide by court orders of appear before the court to prosecute the bankruptcy case.

conduct).  Accordingly, even if a Chapter 13 debtor is entitled to voluntary dismissal of his or her Chapter 13 case under § 1307(b), the Court maintains authority under the Bankruptcy Code to supplement the dismissal with remedial measures provided under the Bankruptcy Code to address a Chapter 13 debtor's bad faith conduct.

### V.    The Parties' Resolution of the Dispute.

To fairly consider both Debtor's request to dismiss and the allegations asserted by the Trustee and Creditors, the Court scheduled a hearing on the Motion to Dismiss. Further, the Court provided notice in its scheduling order that it may consider dismissal with prejudice dependent on proof of bad faith conduct or abusive acts by Debtor and placed the parties on notice that any allegations of bad faith must be proven.  *Cf. In re Blackmon*, 628 B.R. 804, 808 (D.S.C. 2021) ('The moving party under § 1307(c) bears the burden of proof.").

Before the hearing scheduled on the Motion to Dismiss, the Chapter 13 Trustee, Ms. Minogue, and the Creditors jointly reported that they fully settled their dispute by agreement.[5] Under the parties' agreed upon resolution, Ms. Minogue's Chapter 13 case will be dismissed with prejudice as to any voluntary case filed under any chapter of the Bankruptcy Code for a period of two years from the date that this order is entered.  Next, Ms. Minogue further agrees to accept service of process and all notices from the Creditors regarding any state court matters by mail to her address at 742 Mink Avenue, Suite 246, Murrells Inlet, S.C. 29576. Given the consent of the parties and for good cause shown, the Court hereby adopts the parties' agreed resolution of their dispute.

---

[5]    *In re Minogue,* No. 20-01779-JW, ECF No. 40, Notice of Settlement.

**NOW THEREFORE,** upon the parties' consent and for good cause shown, it is hereby

**ORDERED** that:

1.      Ms. Minogue's Chapter 13 case (No. 21-01779-JW) shall be dismissed with prejudice to bar any voluntary filing of a bankruptcy case under any chapter of the Bankruptcy Code for a period of two years from the date of entry of this order.

2.      Ms. Minogue agrees to accept service of process from the Creditors regarding any state court matters.

3.      Ms. Minogue further agrees that service by mail at the following address shall be sufficient and proper notice from the Creditors:

Brittany Frances Minogue
742 Mink Ave, Suite 246
Murrells Inlet, SC 29576

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/29/2021**



US Bankruptcy Judge
District of South Carolina

Entered: 09/29/2021